**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Ger V.,

      Petitioner,

v.

Markwayne Mullin, *DHS Secretary*, et al.,

      Respondents.

Case No. 26-cv-2543 (KMM/DTS)

**REPORT AND RECOMMENDATION**

---

## INTRODUCTION

Petitioner Ger V. has been detained by United States Immigration and Customs Enforcement (ICE) since May 5, 2026, following the revocation of a decades old Order of Supervision. Ger V. challenges his re-detention through a Petition for Writ of Habeas Corpus. Because the Government did not comply with its own regulations when revoking Ger V.'s release, the Court recommends the Petition be granted.

## FINDINGS OF FACT

Ger V. is a Hmong native and citizen of Laos who entered the United States in 1982. Pet. ¶ 1, Dkt. No. 1. Although he received lawful permanent resident status, Ger V. pleaded guilty to a felony in 1994 and was ordered removed by an immigration judge in September 2001. *Id.* ¶¶ 22–24. In May 2002, the Government released Ger V. "on an Order of Supervision (OSUP) due to Laos not issuing travel documents." Robinson Decl. ¶ 9, Dkt. No. 6.

On May 5, 2026, Ger V. was arrested during a routine appointment at the ICE office in Sioux Falls, South Dakota. Pet. ¶ 26; Robinson Decl. ¶ 11. Following his arrest,

ICE served Ger V. with an "OSUP revocation form, along with I-200 and I-205 warrants."

Robinson Decl. ¶ 11. The revocation form states:

> [X] Your release has been revoked pursuant to 8 C.F.R. § 241.4(l), for the following reason(s):
>
> [ ] The purposes of release have been served.
>
> [ ] You violated a condition of your release. Specifically, you:
>
> (Information about how condition of release violated)
> On May 11, 1992 you were convicted in the Eau Claire County Circuit Court at Eau Claire, Wisconsin for the offense of 4th Degree Sexual Assault. On 05/11/1992, you were convicted of 18 USC 2423 Transportation of Minors for prostitution.
>
> [X] It is appropriate to enforce the removal order entered against you as ICE has the ability and means to effectuate your removal.
>
> [ ] ICE has obtained a travel document and scheduled your removal to take place no later than:
> _____
> Date (MM/DD/YYYY)
>
> [X] ICE is seeking a travel document to effect your expeditious removal to _____ Laos
> Country of Removal
>
> [ ] □

Robinson Decl., Ex. 6 at 1, Dkt. No. 6-6. Following service of this revocation form, Ger V.

"was then afforded the opportunity to respond to the reasons for the revocation."

Robinson Decl. ¶ 12. Since his arrest, Ger V. has been detained at the Freeborn County

Jail in Alberta Lea, Minnesota. *Id.* ¶ 14.

On May 7, 2026, Ger V. filed the operative five-count Petition. *See* Pet. In Count

One, Ger V. contends his continued detention violates 8 U.S.C. § 1231. *Id.* ¶¶ 52–55.

Count Two challenges his re-detention as a violation of his Fifth Amendment substantive

due process rights. *Id.* ¶¶ 56–58. In Count Three, Ger V. claims his re-detention violates

his Fifth Amendment procedural due process rights. *Id.* ¶¶ 59–64. Count Four alleges that

ICE violated Ger V.'s Fourth Amendment rights by arresting him without a warrant or

probable cause. *Id.* ¶¶ 65–70. In Count Five, Ger V. alleges the Government violated its

own regulations by failing to provide adequate notice that his Order of Supervision was

revoked; and by failing to specify the "changed circumstances" which now render his

removal significantly likely in the reasonably foreseeable future. *Id.* ¶¶ 71–73. For relief,

Ger V. requests: (1) a declaration that his current detention is unlawful; (2) immediate release from custody; (3) an order restraining the Government from moving Ger V. during the pendency of the Petition;[1] and (4) reasonable attorneys' fees and costs under the Equal Access for Justice Act. Pet. 18–19 (Prayer for Relief).

**ANALYSIS**

## I.      Legal Standard

"A district court may grant a writ of habeas corpus to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States." *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025) (citing 28 U.S.C. § 2241(c)(3)). The right to file a writ of habeas corpus "extends to those persons challenging the lawfulness of immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Jose J.O.E. v. Bondi*, No. 25-cv-3051, 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W. H.*, 782 F. Supp. 3d at 703).

## II.     Statutory Framework

8 U.S.C. § 1231, which governs detention of persons subject to a final order of removal, provides that once "an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of three dates: (1) the date the order of removal becomes administratively final; (2) the date of the final order of any court that entered a stay of removal; or (3) the date on which the alien is released from non-

---

[1] The Court's Order to Show Cause has already granted Ger V.'s request for an order restraining the Government from transferring him during the pendency of the Petition. Order 2, Dkt. No. 3.

3

immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B); *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021). Enumerated exceptions allow the Government to detain a noncitizen past the statutory 90-day period. 8 U.S.C. § 1231(a)(6). "If no exception applies, an alien who is not removed within the 90-day removal period will be released subject to supervision." *Johnson*, 594 U.S. at 529.

Once a noncitizen is released on an order of supervision, the noncitizen's re-detention is governed by federal regulations. *See* 8 C.F.R. § 241, *et seq*. "If ICE previously determined that there was no significant likelihood of removal of said individual in the reasonably foreseeable future, then § 241.13 applies; otherwise, § 241.4 applies." *Pedro O. v. Noem*, No. 26-cv-361, 2026 WL 608314, at *3 (D. Minn. Feb. 27, 2026), *R. & R. adopted* by 2026 WL 615415 (D. Minn. Mar. 4, 2026). 8 C.F.R. § 241.13 provides that an order of supervision may be revoked for: (1) failure to comply with the "conditions of release[;]" or (2) "if, on account of changed circumstances, the [Government] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(1)–(2). The regulation further requires the Government to notify the noncitizen "of the reasons for revocation of his or her release[,]" and it must promptly "conduct an initial informal interview . . . to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." *Id.* § 241.13(i)(3). To satisfy § 241.13(i)(3), the Government must meaningfully articulate the reason for revocation. *See Sarail A. v. Bondi*, 803 F. Supp. 3d 775, 781–84 (D. Minn. 2025) (explaining in detail why "notification 'of the reasons for revocation' requires ICE to do more than state that circumstances have changed"). Moreover, § "241.13 places the burden on ICE to establish that 'changed circumstances' justified the revocation of

4

release." *Garrison G. v. Bondi*, No. 26-CV-172, 2026 WL 157677, at *3 (D. Minn. Jan. 17, 2026) (collecting cases).

The Government's failure to comply with § 241.13 also implicates noncitizens' Fifth Amendment rights. "The procedures set forth in 8 C.F.R. § 241.13 are intended to provide noncitizens with fundamental due process protections that courts have found to be constitutionally required." *Pedro O.*, 2026 WL 608314, at *3 (quoting *Bulle v. Wesling*, No. 26-cv-19, 2026 WL 183840, at *2 (D.R.I. Jan. 23, 2026)). "Noncitizens released pursuant to 8 C.F.R. § 241.13 under conditions of supervision maintain a protected liberty interest in their continued release." *Id.* Therefore, the Government "violates a noncitizen's due process rights when the agency re-detains them and fails to comply with these revocation procedures." *Id.* (quoting *Bulle*, 2026 WL 183840, at *2).

## III.    Defective Notice

Ger V. argues that the notice of revocation was defective because the Government did not comply with § 241.13. Pet. ¶ 73. More specifically, he claims (1) the notice improperly cites § 241.4(l) as the basis for revocation of release even though that regulation does not apply to him; and (2) the notice of revocation fails to provide a reasoned determination of "changed circumstances." Pet'r's Reply 23–33. Ger V. is correct.

Section 241.4 regulates the continued detention, release, and supervision of noncitizens beyond § 1231's 90-day removal period. 8 C.F.R. § 241.4. Section 241.13 "establishes special review procedures for those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at § 241.4 after the expiration of the removal period, where the alien has provided good reason to believe

5

there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future." 8 C.F.R. § 241.13(a). Stated otherwise, once the Government makes a determination that there is no significant likelihood of removal in the reasonably foreseeable future, § 241.13 controls. *Id.* § 241.13(b)(1); *see also, e.g.*, *Pedro O.*, 2026 WL 608314, at *3; *Garrison G.*, 2026 WL 157677, at *3.

The preliminary question, then, is whether the Government made such a no-significant-likelihood-of-removal determination here. Although the Government's 2002 Order of Supervision has not been submitted by either party, according to the declaration of Deportation Officer William Robinson, "INS released Petitioner on an Order of Supervision (OSUP) due to Laos not issuing travel documents." Robinson Decl. ¶ 10. That Ger V. was released because removal was unlikely is corroborated by Ger V.'s Petition. Pet. ¶ 3 ("For decades after the end of the Vietnam and Secret Wars, Laos rarely accepted deportees and even more rarely Hmong deportees. Hmong refugees who were ordered deported were universally released on orders of supervision, with annual check ins with INS and then ICE."). Moreover, the Government concedes such a finding was made by arguing that it "properly followed all requirements of 8 C.F.R. § 241.13(i)," Gov.'s Resp. 11, rather than claiming § 241.4 applies. In short, notwithstanding the absence of the 2002 Order of Supervision, there is an ample factual basis to conclude that the Government released Ger V. on supervision after determining that there was no significant likelihood of Ger V.'s removal in the foreseeable future. *Saengnakhone S. v. Noem*, No. 25-cv-4775, 2026 WL 34132, at *5 (D. Minn. Jan. 6, 2026) (finding § 241.13

6

controlled based on a similar factual record). Thus, the Government had to comply with § 241.13 to revoke Ger V.'s supervised release. It failed to do so.

The at-issue notice states: "Your release has been revoked pursuant to 8 C.F.R. § 241.4(l), for the following reason(s): . . . It is appropriate to enforce the removal order entered against you as ICE has the ability and means to effectuate your removal." Robinson Decl., Ex. 6 at 1. But as explained above, § 241.13, not § 241.4, controls Ger V.'s detention. That "ICE has the ability and means to effectuate your removal" is not a valid reason to revoke supervised release under § 241.13. *See* 8 C.F.R. § 241.13(i)(1)–(2) (listing violation of conditions and changed circumstances as the two bases for revocation). Courts in this District have repeatedly granted habeas petitions when the Government's notice of revocation "merely parrot[s] the regulatory text governing re-detention," rather than providing a meaningful explanation for the revocation of supervised release. *Roble v. Bondi*, 803 F. Supp. 3d 766, 771 (D. Minn. 2025); *Sarail A.*, 803 F. Supp. 3d at 781–85; *see also Pedro O.*, 2026 WL 608314, at *4–5 (collecting cases). If a conclusory (but valid) reason for re-detention is inadequate notice, it follows failing to provide any valid reason for re-detention is likewise inadequate notice.

The Government counters that changed circumstances create a significant likelihood of removal in the foreseeable future because the "Government of Laos is currently issuing travel documents so that citizens of Laos can be repatriated." Gov. Resp. 1. Perhaps so. But this misses the point. The Government was not only required to have a valid basis to re-detain Ger. V., it was also required to provide adequate notice of that reason in the first place pursuant to § 241.13(i)(3). The Government's "post-hoc explanation is too little, and too late." *Sarail A.*, 803 F. Supp. 3d at 788.

The Government also argues that "[b]ecause administrative procedures create no substantive rights, the mere failure to follow these procedures cannot, standing alone, constitute a substantive deprivation of rights. A showing of prejudice is necessary." Gov. Resp. 11. Assuming without deciding that the Government's recitation of the law is right, there is prejudice here. As another court in this District explained:

> Respondents' failure to notify Si of the reasons for his revocation is significant because it prevented him from challenging the revocation. A noncitizen must be apprised of the specific reasons for revoking his supervised release so that he can present rebuttal evidence and argument at his informal interview. 8 C.F.R. § 241.13(i)(3); *see also Sarail A.*, 803 F. Supp. 3d at 781 ("notification 'of the reasons for revocation' requires ICE to do more than state that circumstances have changed."). Without adequate specificity, these notices are meaningless formalities. Respondents' failure to follow their own regulations in arresting Si and notifying him of the revocation deprived him of an opportunity to mount a defense, and that deprivation establishes grounds to release him. *See Sarail A.*, 803 F. Supp. 3d at 781-84 (granting habeas petition based, in part, on government's failure to provide adequate notice of the reasons for revocation); *Dusan C. v. Bondi*, No. 26-cv-620 (JRT/ECW), 2026 WL 458128, at *4 (D. Minn. Feb. 13, 2026) (same); *Xayakesone v. Noem*, No. 25-cv-2995 (JES/BJW), 2025 WL 3229102, at *4 (S.D. Cal. Nov. 19, 2025) (same).

*Si T.P. v. Noem*, No. 26-cv-1445, 2026 WL 575705, at *4 (D. Minn. Feb. 24, 2026), *R. & R. adopted by* 2026 WL 593436 (D. Minn. Mar. 2, 2026). The failure to provide adequate notice of the reasons for revocation is more than a mere technicality, and courts in this District—including this Court—agree that habeas relief is merited when the Government fails to provide adequate notice as required by § 241.13.

In sum, by failing to follow its own regulations and adequately notify Ger V. of the reason for revoking his supervised release, the Government violated its own regulations and Ger V.'s due process rights. Ger V. is entitled to habeas relief.[2]

## IV.    Remedy

Most courts, when faced with similar petitions, have ordered the petitioner's immediate release from custody. *See, e.g., Roble*, 803 F. Supp. 3d at 774 ("The Court will thus follow the approach of other courts facing similar cases and order [petitioner's] release from custody as a remedy for ICE's illegal re-detention"); *Tan-Gutierrez v. Noem*, No. 3:26-CV-00152, 2026 WL 194747, at *6 (S.D. Cal. Jan. 26, 2026) (ordering immediate release "because ICE violated its own regulations"); *Faysal N. v. Noem*, No. 25-CV-04641, 2026 WL 36066, at *5 (D. Minn. Jan. 6, 2026) (same). Accordingly, this Court recommends granting the petition insofar as Ger V. seeks his immediate release, subject to his preexisting Order of Supervision.

Additionally, there is the matter of Ger V.'s request for fees and costs under the Equal Access to Justice Act (EAJA). Pursuant to District of Minnesota Local Rule 54.3(a), "[a] party must file and serve an application for fees under the Equal Access to Justice Act within 30 days of final judgment as that term is defined in 28 U.S.C. § 2412(d)(2)(G)." Because Ger V. has yet to file a motion for EAJA fees, the issue is not ripe for a decision. The Court recommends resolving Ger V.'s request for EAJA fees in the ordinary course.

---

[2] Because the Court finds Ger V. is entitled to habeas relief based on the Government's failure to comply with § 241.13, the Court declines to reach Ger V.'s alternative arguments for habeas relief.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1.      Ger V.'s Petition for Writ of Habeas Corpus (Dkt. No. 1) be GRANTED; and

2.      Ger V. be immediately released from custody, subject to the conditions in his preexisting Order of Supervision dated May 1, 2002.


Dated: June 2, 2026                          s/ David T. Schultz_____
                                             DAVID T. SCHULTZ
                                             United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court. It is not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within **5 days** after being served a copy" of the Report and Recommendation. A party may respond to those objections within **5 days** after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

10